UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **WILLIE COMBS, JR. and**<br>**DELOICE LEWIS COMBS** | **CIVIL ACTION NO. 5:13CV3291** |
| **VERSUS** | **JUDGE STAGG** |
| **CITIFINANCIAL, INC. F/K/A**<br>**CITIFINANCIAL CONSUMER**<br>**SERVICES, INC.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for failure to state a claim upon which relief can be granted, [doc. # 11], filed by Defendant CFNA Receivables (MD), Inc. (improperly named in the original Complaint as CitiFinancial, Inc. F/K/A CitiFinancial Consumer Services, Inc.). Plaintiffs oppose the Motion. [doc. # 17]. For reasons assigned below, it is recommended that the Motion be **GRANTED**.

### Background

On April 12, 2002, Plaintiffs, Willie Combs, Jr. and his wife, Deloice Combs, entered into a Mortgage Agreement with CitiFinancial Consumer Services, Inc. ("Defendant"), whereby Defendant loaned Plaintiffs $36,912.96, with interest on the outstanding principal balance at the rate of 12.49 percent per annum. [doc. # 11-2].[1] Plaintiffs granted Defendant a security interest in their home in exchange. *Id.* According to Plaintiffs, the "mortgage was recorded on April 22, 2002 . . . [in] the Mortgage Records of the Webster Parish Clerk of Court's Office." [doc. # 1-2, p. 3]. Plaintiffs allege that they "never received any consideration for the Mortgage" and, as a result, that they were forced to file for bankruptcy. *Id.* at 2, 4.

---

[1] Plaintiffs admit that they executed the April 12, 2002 Mortgage Agreement. [doc. # 1-2, p. 2].

On November 6, 2003, Plaintiffs filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court, Western District of Louisiana. *In re Willie Combs, Jr.*, Civ. Action No. 03-14164 (Bankr. W.D. La. filed Nov. 6, 2003). Plaintiffs did not disclose any cause of action against Defendant as an asset of their bankruptcy estate. *Id.* The Bankruptcy Court confirmed Plaintiffs' final Chapter 13 plan on September 11, 2007. *Id.*, doc. # 49. The court then issued an order granting Plaintiffs a discharge on April 8, 2009. *Id.*, doc. # 53.

Plaintiffs filed the instant Complaint on November 14, 2013, in the 26th Judicial District Court, Webster Parish, Louisiana. [doc. # 1-2]. The claims therein are somewhat muddled. Plaintiffs first allege that, in May of 2011, they "wrote a letter to [Defendant] as to why they were paying [Defendant]" . . . and received "a letter dated May 10, 2011 thanking them for their inquiry and informing them that their payoff . . .was $36,362.04 . . . ." *Id.* at 3. They allege that Defendant, "by letter dated May 18, 2011, wrote [Plaintiff] Willie Combs, Jr., a letter . . . informing him that he was seriously delinquent and that [Defendant] would take legal action against him 'to satisfy its interests' if arrangements were not made to bring his account current." *Id.* at 3-4. They allege further that "they have had to continue to pay [Defendant] under the threat of losing their home to foreclosure by [Defendant]." *Id.*

As a result, Plaintiffs claim that Defendant has been unjustly enriched by accepting money that it is not owed, that Defendant violated the Louisiana Racketeering Act by accepting money that it is not owed, that Defendant committed fraud when it stated in the bankruptcy action that it loaned them $36,912.96, and that Defendant breached the Mortgage Agreement by failing to transmit the loan amount. *Id.* at 5-6. Plaintiffs pray for cancellation of the mortgage, treble damages, attorney's fees, reimbursement of all monies paid to Defendant, all costs incurred

as a result of instituting the instant proceeding, and damages for emotional, physical, and psychological distress. *Id.* at 7.

On December 26, 2013, Defendant timely removed the proceeding to this Court on the basis of diversity jurisdiction. [doc. # 1]. Defendant first argues that Plaintiffs' unjust enrichment claim should be dismissed because there are other remedies at law available to Plaintiffs. [doc. # 11-1, p. 3]. Next, Defendant argues that Plaintiffs' remaining claims are all prescribed because they all arise from Plaintiffs' allegation that they never received any consideration for the security interest they granted to Defendant pursuant to the April 22, 2002, Mortgage Agreement. [doc. # 11-1, p. 1-2]. Finally, Defendant argues that Plaintiffs' claims are barred by "the res judicata effect of the Western District of Louisiana, Shreveport Division Bankruptcy court's confirmation order specifically recognizing the validity of [Defendant's] mortgage loan." *Id.* at 2.

The matter is now before the Court.[2]

## Law and Analysis

**I. Standard of Review**

The Federal Rules of Civil Procedure sanction dismissal when the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[2] On May 30, 2014, the Court substituted TaDaysha Lewis, the Administratrix of the Succession of Deloice Jean Lewis Combs, as party plaintiff for the deceased Plaintiff, Deloice Lewis Combs. [doc. # 16].

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether a complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

When considering a motion to dismiss, courts are generally limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

**II. Unjust Enrichment**

To reiterate, Defendant argues that Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs have other available remedies at law. [doc. # 11-1, p. 3]. Indeed, one of the requirements for sustaining a cause of action for unjust enrichment is that there be no other remedy at law available to the plaintiff. LA. CIV. CODE ART. 2298 ("The remedy declared here is subsidiary and shall not be available if the law provides another remedy . . . ."); *see Ames v. Ohle*, 97 So. 3d 386, 392 (La. App. 4 Cir. 2012) (holding that the plaintiff was precluded from

asserting an unjust enrichment claim because she raised several other claims in her petition). Here, Plaintiffs acknowledge Defendant's argument and concede that they do not state a claim for unjust enrichment because there are other remedies at law available to them. [doc. # 17]. Accordingly, Plaintiffs' unjust enrichment claim should be **DISMISSED**.

**II. Judicial Estoppel**

Defendant does not raise the issue of judicial estoppel.[3] However, upon review of the parties' arguments, the Court discovered that the primary concern here is whether Plaintiffs are judicially estopped from raising the remaining claims because they did not timely disclose these claims to the Bankruptcy Court.[4]

"Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (citation and internal quotation marks omitted). "The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the courts to suit the exigencies of self

---

[3] The Court will apply the doctrine *sua sponte* because the doctrine serves to protect the integrity of the judicial system. *Grigson v. Creative Artists Agency L.L.C.*, 210 F.3d 524, 530 (5th Cir. 2000). In particular, courts can apply the doctrine *sua sponte* in cases, like the one at bar, where a party's position is egregiously inconsistent. *See U.S. for Use of Am. Bank v. C.I.T. Const. Inc. of Texas*, 944 F.2d 253, 258 (5th Cir. 1991); *see also Baylor Univ. Med. Ctr. v. Heckler*, 758 F.2d 1052, 1058 (5th Cir.) (considering an affirmative defense not raised in the proceedings below when the district court chose to *sua sponte* address the glaring issue and reasoning that to do otherwise would "deprive the court of a potentially dispositive decisional tack.").

[4] Because the issue underlying judicial estoppel is an interpretation of the federal Bankruptcy Code, the Court will apply federal law. *See Woodard v. Taco Bueno Rests., Inc.*, 2006 WL 3542693, at *3 (N.D. Tex. 2006) (citing *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999)).

interest." *Id.* The doctrine is an equitable one that can be "invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). There are three requirements: "(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004).

A. Whether Plaintiffs' Position is Clearly Inconsistent with its Previous Position

The Court finds that the first prong of the judicial estoppel doctrine is met in that Plaintiffs are asserting a position in the instant action that is clearly inconsistent with the position they asserted in the previous bankruptcy action.[5] The Bankruptcy Code imposes upon debtors an express, affirmative, and continuous duty to disclose all assets, including unliquidated and contingent claims. *Id.* (citing *Coastal Plains*, 179 F.3d at 207-08); *see also Love v. Tyson Foods, Inc.*, 677 F.3d 258, 263 (5th Cir. 2002) (holding that debtors have an ongoing duty to amend their schedule of assets to include even those assets acquired after a bankruptcy court has confirmed a bankruptcy plan). "'*Any claim with potential must be disclosed*, even if it is 'contingent, dependent, or conditional.'" *Coastal Plains*, 179 F.3d at 208 (quoting *Westland Oil Dev. Corp. v. MCorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993)). The purpose is "to permit

---

[5] As noted, when considering a motion to dismiss, courts can consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Courts are also permitted to take judicial notice of matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Here, the Court will consider the Mortgage Agreement that is attached to Defendant's Motion because Plaintiffs refer to it in their Complaint and it is central to their claims. The Court will also consider all of the parties' prior bankruptcy filings, as well as the Bankruptcy Court's orders, because they are matters of public record. *See Judy Chou Chiung-Yu Wang v. Prudential Ins. Co. of Am.*, 439 Fed. App'x 359, 363 (5th Cir. 2011) (finding that the district court permissibly considered public court filings outside of the record when it addressed a motion to dismiss).

the court, the trustee, and the creditors to evaluate the debtors' financial condition at the date of bankruptcy and ascertain what assets may be available for distribution to creditors." *Superior Crewboats, Inc.*, 374 F.3d at 333.

Plaintiffs here submitted several amended plans in the prior bankruptcy action yet failed to include any of the instant claims in their associated schedules of assets. *See In re Willie Combs, Jr.*, No. 03-14164, doc. #s 4, 19. For example, in "Schedule B. Personal Property," Plaintiffs affirmatively indicated that they had no "Other liquidated debts owing debtor" and no "Other contingent and unliquidated claims of [any] nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." *Id.*, doc. # 4. In addition, in "Schedule D. Creditors Holding Secured Claims" Plaintiffs listed the loan from Defendant but did not identify it as being contingent, unliquidated, or disputed. *Id*. Similarly, in response to Defendant's "Motion to Lift Automatic Stay and Alternatively for Adequate Protection," Plaintiffs admitted that they were liable to Defendant and that they had not paid Defendant the amount owed pursuant to the most recent Chapter 13 plan . *Id.*, doc. # 38. Taking all of that into consideration, it bears underscoring that the "omission of [a] .... claim . . . is tantamount to a representation that no such claim existed." *Superior Crewboats, Inc.*, 374 F.3d at 335.

Now, however, Plaintiffs contend that they have viable claims—claims that Plaintiffs were well-aware of in the prior action yet failed to disclose—against Defendant. As the Fifth Circuit stated in *Superior Crewboats, Inc.*, "Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry." *Superior Crewboats, Inc.*, 374 F.3d at 335.

B. <u>Whether the Bankruptcy Court Accepted Plaintiffs' Previous Position</u>

The second prong of the inquiry is also satisfied. "Adoption does not require a formal

judgment; rather, it only requires that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *Id.* (citation and internal quotation marks omitted). This requirement is satisfied if a bankruptcy court confirmed a debtor's bankruptcy plan in reliance on the truthfulness of the debtor's asset schedules. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

Here, the Bankruptcy Court first relied upon Plaintiffs' representations on March 9, 2004, when it issued an order confirming the amended Chapter 13 Plan that Plaintiffs filed on January 30, 2004. *In re Willie Combs, Jr.*, No. 03-14164, doc. # 21. The court relied upon Plaintiffs' representations again on January 30, 2007, when it issued an order confirming a subsequent amended Chapter 13 Plan. *Id.*, doc. # 34. The court relied upon Plaintiffs' representations once more on September 11, 2007. *Id.* , doc. # 49. Finally, the Bankruptcy Court most clearly accepted and relied upon Plaintiffs' prior representation (i.e. that they did not possess any causes of action against Defendant) when it issued a final order of discharge and stated that "[t]he debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code)." *Id.*, doc. # 53.

C. <u>Whether Plaintiffs Acted Inadvertently</u>

Finally, the Court finds that the third prong of the inquiry is met in that Plaintiffs' non-disclosure was not inadvertent. "[T]he debtor's failure to satisfy its statutory disclosure duty is inadvertent only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment." *Superior Crewboats, Inc.*, 374 F.3d at 335. In order for a debtor to lack the requisite knowledge, the debtor must have been unaware of the facts giving rise to his or her claim when he or she represented to the bankruptcy court that he or she had no

8

potential claim. *Jethroe*, 412 F.3d at 600.

Here, it is clear that Plaintiffs were well-aware of the facts underlying all of the instant claims before they represented to the Bankruptcy Court that they had no potential claims. First, Plaintiffs were aware of the facts underlying their fraud claim on November 21, 2003, when Defendant filed its proof of claim in the bankruptcy action. [doc. # 1-2, p. 2, 5].[6] Plaintiffs filed their first schedule of assets on December 3, 2003, yet neglected to inform the Bankruptcy Court of Defendant's alleged fraud. *In re Willie Combs, Jr.*, No. 03-14164, doc. # 4.

Next, as to the breach of contract claim, Plaintiffs claim that Defendant "breached its contract with [Plaintiffs] when it never mailed [them] the $5,000.00 check . . . ." [doc. # 1-2, p. 6]. According to the Complaint, Plaintiffs filed bankruptcy on November 6, 2003, *because* they "never received the $5,000.00 check from [Defendant]." *Id.* at 2. Thus, it is clear that Plaintiffs were aware of the facts underlying the breach of contract claim on November 6, 2003, well before they made any representations to the Bankruptcy Court.

Lastly, Plaintiffs claim that Defendant "has engaged in a pattern of corrupt activities by taking money from [Plaintiffs] which is not owed to it in violation of the Louisiana Racketeering Act . . . ." *Id.* at 6. Essentially, Plaintiffs claim that they do not owe Defendant any money under the Mortgage Agreement because they "never received any consideration for the Mortgage . . . ." *Id.* at 5. As above, Plaintiffs were aware of Defendant's failure to pay on November 6, 2003. Moreover, Plaintiffs averred in the prior action that they paid Defendant $810.00 before they filed for Chapter 13 protection. *In re Willie Combs, Jr.*, No. 03-14164, doc. # 5, p. 2. Thus, it is

---

[6] This claim apparently arose post-petition. In this respect, "courts have uniformly held that a Chapter 13 debtor is obligated to disclose post-petition causes of action. *In re Kemp*, 2011 WL 3664497, at *3 (Bankr. W.D. La. Aug. 19, 2011) (citing cases).

clear that Plaintiffs knew that Defendant was accepting the allegedly improper payments well in advance of their representation to the Bankruptcy Court that they had no potential claims.

With all of that said, it is also clear that Plaintiffs possessed the requisite motivation to conceal the instant claims. "[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Love*, 677 F.3d at 262. Here, as the *Crewboats* court stated, Plaintiffs "would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors." *Superior Crewboats, Inc.*, 374 F.3d at 335.

Accordingly, the Court finds that judicial estoppel bars Plaintiffs from pursuing the instant claims[7]; the instant claims should be **DISMISSED**.[8]

### Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the Motion to Dismiss, [doc. # 11], filed by Defendant CFNA Receivables (MD), Inc. be **GRANTED** and that Plaintiffs' Complaint, [doc. # 1-2], be

---

[7] Plaintiffs' unjust enrichment claim and racketeering claim arise out of the same set of facts. For instance, Plaintiffs claim that Defendant "has been unjustly enriched by continuing to receive monies that is not owed to it." [doc. # 1-2, p. 5]. Thus, Plaintiffs are estopped from asserting the unjust enrichment claim for the same reasons that they are estopped from asserting the racketeering claim.

[8] Because the Court determines that Plaintiffs are judicially estopped from raising the instant claims, the Court need not reach the *res judicata* and prescription issues that Defendant raises. However, it should be noted that those issues also appear to favor the Defendant's position and that dismissal on those grounds would be appropriate as well.

**DISMISSED WITH PREJUDICE**.[9]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 30th day of July, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[9] A district court can dismiss an action *sua sponte* as long as the procedure employed is fair. *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007). Fairness requires giving notice of the court's intention to dismiss and an opportunity to respond. *Id.* Here, this Report and Recommendation provides sufficient notice to the parties of the Court's *sua sponte* dismissal. *McCoy v. Wade*, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007) (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).